**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| UNITED POWER TRADES ORGANIZATION | |
| Plaintiff, | Case No. 2:26-cv-02107 |
| v. | **Declaration of Jacob Chambers** |
| DONALD J. TRUMP in his official capacity as President of the United States; | |
| PETE HEGSETH in his official capacity as Secretary of Defense; and | |
| LIEUTENANT GENERAL WILLIAM H. GRAHAM, JR. in his official capacity as Commanding General of the U.S. Army Corps of Engineers; | |
| Defendants. | |

DECLARATION OF JACOB
CHAMBERS, 2:26-cv-2107 - 1

McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855

## DECLARATION OF JACOB CHAMBERS

I, Jacob Chambers, hereby declare as follows:

1.      My name is Jacob Chambers.

2.      I am over eighteen years of age and am competent to testify.

3.      I am currently the President of the United Power Trades Organization ("UPTO").

4.      UPTO is an independent labor organization headquartered in Mead, Washington.

5.      UPTO represents approximately 545 federal civilian Wage Board employees who work for the U.S. Army Corps of Engineers ("USACE") in Washington, Oregon, Idaho, and Montana.

6.      UPTO workers are electricians, mechanics, lock and dam operators, painters, welders, crane operators, and material handlers on USACE hydropower dam projects.

7.      UPTO has been representing federal employees employed by USACE for 45 years.

8.      UPTO employees do not have the primary function of national security.

9.      UPTO employees are not required to maintain a security clearance.

10.     On March 30, 2025, I posted on UPTO's public website a message about Executive Order 14251, warning that the Executive Order "intended to strip all of us of our collective bargaining rights and essentially eliminate Federal Unions and the vital role they play in protecting workers in the workplace." *See* Exhibit 1 (accessible at unitedpowertrades.org, last accessed July 13, 2026).

11.     In this same post, I also posted about specific actions that UPTO was taking in response to the Executive Order, including trying to coordinate and/or collaborate with other Federal Unions in fighting the EO, reaching out to the agency to try and gather information concerning the impact and implementation of the EO, determining what other methods exist for

DECLARATION OF JACOB
CHAMBERS, 2:26-cv-2107 - 2

McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855

collecting dues from members, determining what other services UPTO will be able to offer if the EO is not defeated, and determining what UPTO would need to do to realign its organizational structure in the future to maintain viability if the EO is not defeated.

12.     On April 9, 2025, I emailed a letter to General Graham, the Commanding General of USACE, requesting that he lobby for UPTO to retain its collective bargaining rights, and ask that the Secretary of Defense exclude USACE from inclusion in the EO. I sent a follow up email to General Graham on September 12, 2025.

13.     On April 24, 2025, USACE provided consent to UPTO to use the Commons building at the Chief Joseph Dam after hours to hold a union meeting on April 30.

14.     On June 2, 2025, I posted on the UPTO public website that I had received representations from USACE management that there was "no change about how we are operating. We are still being told that nothing has changed, the CBA is still in full effect, and it is anticipated that it will continue until such time that all litigation is finalized." *See* Exhibit 1.

15.     On June 9, 2025, USACE and UPTO signed a settlement agreement regarding two grievances concerning payment and approval to attend a required training for bargaining unit employees, following extensive negotiations.

16.     On July 23, 2025, Deputy Chief of the Northwest Division, Shawn Worthington, held a Joint Training Committee Meeting with USACE management and UPTO leadership, including myself.

17.     In August of 2025, USACE reached out to UPTO because an employee requested representation for a removal proposal action.

18.     In December of 2025, UPTO and USACE settled an outstanding grievance relating to overtime pay, and USACE disbursed payments pursuant to the grievance settlement to affected

DECLARATION OF JACOB
CHAMBERS, 2:26-cv-2107 - 3

McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855

employees in January of 2026.

19. In January of 2026, USACE and UPTO leadership exchanged emails, which I was forwarded, regarding a proposed change to the Cold Weather Arc Flash PPE policy.

20. On March 9, 2026, Human Resources Specialist Mark Morrissey emailed me and provided UPTO with official notification of its intent to make changes to certain bargaining unit member positions, noting USACE's expectation that "there will be minimal impact on bargaining unit employees" and requesting contact with further questions.

21. On March 27, 2026, Gregory Jackson, Labor Employer Relations Specialist for USACE, emailed UPTO with an official notification of an updated policy and asked if the union had any questions or wanted to discuss.

22. On March 31, 2026, Human Resources Specialist Mark Morrissey emailed me and provided official notification to UPTO regarding management's intent to make changes to the performance rating period for certain bargaining unit employees.

23. On April 9, 2026, Morrissey also provided official notification to UPTO of management's intent to make changes to the handling of Leave and Earnings Statements delivery, and specifically identified the names of impacted bargaining unit employees.

24. On April 16, 2026, I received a Memorandum from Mark Morrissey, stating that effective immediately, the CBA between UPTO and the Department of the Army are terminated in accordance with EO 14251. *See* Exhibit 2.

25. No explanation was given as to the reversal of policy, as UPTO had continued to operate normally with USACE between March of 2025 and April of 2026.

26. UPTO was given no warning that the CBA was set to be terminated, and no opportunity to be heard prior to the termination.

DECLARATION OF JACOB
CHAMBERS, 2:26-cv-2107 - 4

McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855

27.    Until April of 2026 when USACE unilaterally terminated the contract, there had been no question about UPTO's ability to collectively bargain consist with national security.

28.    Up until April of 2026, USACE continued to hold regular, bi-weekly labor management meetings with UPTO leadership, including myself. I used official time to attend these meetings.

29.    Up until April of 2026, USACE continued to provide responses to grievances that were filed after the Executive Order was issued, including on April 28, 2025, November 21, 2025, and December 22, 2025.

30.    Up until April of 2026, USACE was approving official time requests by UPTO representatives.

31.    Up until April of 2026, pursuant to the CBA, USACE provided UPTO office spaces with a phone and computer for union use, at each worksite where UPTO had members, along with a bulletin board to provide information to members.

32.    On May 26, 2026, I posted on UPTO's public website that UPTO had retained a law firm and intended to file a lawsuit in federal court, including "filing an injunction to reinstate the contract and UPTO's rights under the FSLMRA." *See* Exhibit 1.

33.    On June 9, 2026, I received notice that USACE filed a petition to revoke UPTO's Certification of Representation with the Federal Labor Relations Authority.

34.    By implementing the Executive Order and terminating the CBA, UPTO lost the right to be present at formal discussions about grievances, and the right to be present in disciplinary interview.

35.    By implementing the Executive Order and terminating the CBA, UPTO's bargaining power is greatly diminished, as is its ability to carry out representative duties

DECLARATION OF JACOB
CHAMBERS, 2:26-cv-2107 - 5

McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855

36. UPTO has lost access to official time and union offices due to the termination of the CBA.

37. By implementing the Executive Order and terminating the CBA, UPTO lost the right to bargain over changes to working conditions and conditions of employment

38. UPTO intended to give notice of intent to bargain over a new contract, which was expiring in May of 2026. UPTO no longer has the ability to bargain for a new contract due to the implementation of the Executive Order and termination of the CBA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _7/13/2026_____

Signature ⎡ Signed by:
⎢ JACOB CHAMBERS
⎣ 3E2E389362304D7...

DECLARATION OF JACOB
CHAMBERS, 2:26-cv-2107 - 6

McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855