# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

UNITED POWER TRADES
ORGANIZATION

Plaintiff,

v.

DONALD J. TRUMP
in his official capacity as President of the
United States;

PETE HEGSETH
in his official capacity as Secretary of
Defense; and

LIEUTENANT GENERAL WILLIAM H.
GRAHAM, JR.
in his official capacity as Commanding
General of the U.S. Army Corps of Engineers;

Defendants.

Case No. 2:26-cv-02107

**[PROPOSED ORDER] GRANTING
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION**

PROPOSED ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION, 2:26-cv-2107 - 1

McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855

This matter came before the Court on Plaintiff's Motion for Preliminary Injunction. Plaintiff challenges Executive Order 14251 and the termination of the Collective Bargaining Agreement ("CBA") between Plaintiff and the Department of Defense, U.S. Army Corp of Engineers. Having considered the motion, Defendants' response, and the argument of the Parties, if any, the Court **GRANTS** Plaintiff's Motion for Preliminary Injunction. The Court enters the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1.      Plaintiff and its members face irreparable harm as a result of Executive Order 14251 and the termination of the CBA. Due to Defendants' actions, Plaintiff's members have lost benefits of union representation; Plaintiff's core services for its members have been impaired; Plaintiff has lost bargaining power; and Plaintiff and its members have been denied their constitutional rights.

2.      These harms are immediate, ongoing, and significant and cannot be remedied in the ordinary course of litigation.

3.      A preliminary injunction against Defendants, as provided below, is necessary to preserve the status quo and prevent irreparable harm during the pendency of this case.

## CONCLUSIONS OF LAW

4.      To secure a preliminary injunction, Plaintiff must demonstrate that "(1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 668 (9th Cir. 2021).

5.      Based on the findings of fact set forth above and established precedent, Plaintiff is likely to succeed on its claims that: A) Executive Order 14251 is *ultra vires*, is unconstitutional retaliation against UPTO for its protected First Amendment activity, and violates the Fifth

PROPOSED ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION, 2:26-cv-2107 - 2

McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855

Amendment's Takings Clause and guarantee of procedural due process; and B) the termination of the CBA is also unconstitutional retaliation against UPTO for its protected First Amendment activity, and is arbitrary and capricious and contrary to law in violation of the Administrative Procedure Act.

6.    Plaintiff has also shown that it is likely to suffer irreparable harm absent preliminary relief. Executive Order 14251 and the termination of the CBA strips Plaintiff's members of benefits of union representation, impedes Plaintiff's provision of core services, reduces Plaintiff's bargaining power, and denies constitutional rights to Plaintiff.

7.    The balance of equities tips sharply towards Plaintiff, and the public interest strongly weighs in favor of entering temporary relief.

## PRELIMINARY INJUNCTION

Therefore, it is hereby **ORDERED** that:

8.    Defendants and all their respective officers, agents, servants, employees, and attorneys are hereby preliminarily enjoined from the following:

    a.  Enforcing, implementing, or otherwise giving effect to the Hegseth Memorandum or Termination Memorandum; and

    b.  Denying Plaintiff, its members, and all bargaining unit employees any and all rights and/or working conditions guaranteed in the CBA, including but not limited to the right of UPTO to serve as exclusive representative, the right of employees to request representation in connection with investigations, the right to use official time, and the right to use the contractual grievance and arbitration process.

9.    Defendants must immediately notify bargaining unit employees that pursuant to this order, the CBA remains applicable and binding, such that all rights contained in the CBA are

PROPOSED ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION, 2:26-cv-2107 - 3

McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855

restored.

**IT IS SO ORDERED.**

Dates this _____ day of _____, 2026.

_____
United States District Judge

PROPOSED ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION, 2:26-cv-2107 - 4

McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855