The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED POWER TRADES
ORGANIZATION,

                    Plaintiff,

        v.

DONALD J. TRUMP, *et. al.*

                    Defendants.

Case No. 2:26-cv-02107-LK

UNOPPOSED MOTION TO EXTEND
TIME TO RESPOND TO PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION

Noting Date: August 4, 2026

Defendants respectfully ask this Court to extend the time to respond to Plaintiff's Motion for Preliminary Injunction (Dkt. 12) from August 4, 2026, to August 18, 2026, for good cause. Fed. R. Civ. P. 6(b)(1)(A). By email dated August 4, 2026, Plaintiff's counsel stated that it did not oppose Defendant's request for an extension of the deadline. Strong Decl., ¶ 5.

## I.    STATEMENT OF FACTS

Plaintiff filed this action on June 16, 2026. Dkt. 1. Plaintiff served Defendants on or about June 22, 2026; Defendants' answer is consequently due on August 21, 2026. Dkt. 11; Fed. R. Civ. P. 12(a)(2).

UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:26-cv-02107-LK] - 1

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Approximately one month after it filed the Complaint, Plaintiff filed a motion for preliminary injunction ("Motion"), with a noting date of August 11, 2026. Dkt. 12. Plaintiff mailed a copy of the Motion to the U.S. Attorney's Office, which it received on July 20, 2026. *See* Strong Decl., ¶ 2. Unfortunately, due to an administrative error, the mailed Motion did not come to undersigned counsel's attention until today, August 4, which is also the date that Defendants' response to the Motion is due. LCR 7(d)(4). Strong Decl., ¶¶ 3-4.

While the U.S. Attorney's Office has not yet been able to ascertain exactly how or why this mistake occurred, this Office appreciates that it is our responsibility to be aware of motions properly served on this Office and to respond to them in a timely manner, rather than ask for relief from a court deadline at the last hour.[1] Strong Decl., ¶ 6.

## II.   ARGUMENT

**For good cause, the Court may extend the time to act where the failure to act resulted from excusable neglect**

Federal Rule of Civil Procedure 6(b) provides:

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or …

This rule, like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures,*

---

[1] To that point, undersigned counsel also recognizes that LCR 7(j) requires a motion to extend deadlines "should be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline," but again undersigned counsel was not aware of the need for such a motion until the day of the deadline.

UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:26-cv-02107-LK] - 2

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

*Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380 (1993), the Supreme Court held, in the context of a bankruptcy case, that the term "neglect" contained in the term "excusable neglect" incorporates inadvertence, mistake or carelessness. *Id*. at 392. A court applying the excusable neglect standard may not deny relief simply because the neglect is not due to factors beyond the control of the moving party but must engage in an equitable weighing of factors to determine if the neglect is excusable. *Id*. at 395. The factors enumerated by the Supreme Court are: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* In *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir. 1996), the Court held that the Supreme Court's analysis of "excusable" neglect in *Pioneer* is applicable to Fed. R. Civ. P. 6(b).

Applying these factors in order, the granting of the instant motion for an extension to file Defendants' response should not prejudice Plaintiff. In its preliminary-injunction motion, Plaintiff did not specify an immediate irreparable harm that it will suffer if the deadline is extended by two weeks. *See* Dkt. 12, pp. 19-20. In a similar vein, the length of the delay, while regrettable, is not an unduly prolonged period of time. And, in fact, Plaintiff's counsel indicated that it did not oppose Defendant's request for a two-week extension. Strong Decl., ¶ 5.

Turning to the reason for delay, the Court must evaluate Defendant's claim that they missed the deadline because of an administrative error. In the Ninth Circuit, the term excusable neglect unquestionably "covers cases of negligence, carelessness and inadvertent mistake." *Bateman v.*

UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [Case No. 2:26-cv-02107-LK] - 3

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

*U.S. Postal Serv.,* 231 F.3d 1220, 1224 (9th Cir. 2000). The key issue is not the existence—but the degree—of counsel's negligence, carelessness, and inadvertence.

In *Gunderson v. Corizon*, No. 17-1791-DWL, 2019 WL 79008, at *3 (D. Ariz. Jan. 2, 2019), the Court granted an extension to an attorney who missed a dispositive motion cut-off date by three months due to a calendaring error. The Court recognized that "people make mistakes – even the most competent professionals are likely to make a simple clerical error at some point in their careers." *Id.* at *3. Noting that there was no pattern of missed deadlines, the Court concluded that the "simple calendaring error" did not constitute neglect that was "so egregious that it outweighed the remaining factors." *Id.* (citing *M.D. by & through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016)).

To illustrate, in *Bateman*, an attorney arguably acted negligently but still petitioned for an extension successfully. 231 F.3d at 1225. The attorney left the country without filing a response to the opposing party's summary judgment motion. *Id.* at 1223. Eight days after the deadline passed, the attorney returned to the United States. *Id.* Sixteen more days passed before the attorney finally contacted the court asking for relief from the judgment entered during his absence. *Id.* Despite the attorney's obvious "lack of regard for his client's interest and the court's docket," a panel of the Ninth Circuit concluded that the attorney's errors "resulted from negligence and carelessness, not from deviousness or willfulness." *Id.* at 1225. The court then ordered the district court to grant an extension on remand. *Id.*

As in *Bateman*, the error of judgment committed by Defendant's counsel resulted from negligence and carelessness, rather than from "deviousness or willfulness." Unlike the attorney in *Bateman*, counsel here showed no "lack of regard for his client's interests and the court's docket." 231 F.3d at 1225. Counsel's failure to file on time resulted from an administrative error informing him of the mailed motion. Strong Decl., ¶¶ 3-4.

UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:26-cv-02107-LK] - 4

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Moving to the final *Pioneer* factor, Defendants' counsel have acted in good faith. Defendants' counsel did not "purposely ignore" the deadline. *See Stock v. Wisman*, No. 05-1214-MJP, 2005 WL 2206901, at *2 (W.D. Wash. Sept. 12, 2005). Nor did Defendants have anything to gain. This is simply a case in which Defendants' counsel's internal communications concerning the receipt of the preliminary-injunction motion failed.

Balancing the four *Pioneer* factors, Defendants could not meet the present deadline, and while regrettable in this instance, Defendants' counsel was at all times acting in good faith and missed the deadline as a consequence of an honest mistake. After weighing the equities, Defendants ask that the Court grant their motion for an extension of time.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that their motion be granted and that the August 4, 2026, deadline to file the response to the Plaintiff's Motion for Preliminary Injunction be extended to August 18, 2026.

DATED this 4th day of August, 2026.

Respectfully submitted,

s/ James C. Strong
JAMES C. STRONG, WSBA No. 59151
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Email: james.strong@usdoj.gov

*Attorneys for Defendants*

*I certify that this memorandum contains 1,254 words in compliance with the Local Civil Rules.*

UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:26-cv-02107-LK] - 5

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

## [PROPOSED] ORDER

Having demonstrated good cause, it is hereby ORDERED that Defendants' motion is GRANTED. Defendants shall respond to the Plaintiff's Motion for Preliminary Injunction by August 18, 2026.

DATED this _____ day of _____ 2026.

_____
LAUREN KING
United States District Judge

UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
[Case No. 2:26-cv-02107-LK] - 6

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970